UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------ x

ARCHIBALD BENNETT and REGINALD HAWKINS, on
behalf of themselves and all those similarly situated,

                     Plaintiffs,

        -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER LOUIS MOLINA, and
DEPARTMENT OF CORRECTION WARDEN ANTOINETTE
CORT,

                     Defendants.

------------------------------------------------------------------------------ x

**ORDER**

25 Civ. 5654 (LDH) (VMS)

**Vera M. Scanlon, Chief United States Magistrate Judge:**

In this putative class action, Plaintiffs bring claims against the City of New York (the "City"), Department of Correction ("DOC") Commissioner Louis Molina and DOC Warden Antoinette Cort (collectively, "Defendants"), to recover for alleged injuries arising from Plaintiffs' incarceration at the Rikers Island jail complex.  See Compl., ECF No. 1.  Before this Court is Defendants' Motion to Transfer venue to the United States District Court for the Southern District of New York ("SDNY"), under 28 U.S.C. § 1404.  "Motion," ECF No. 17.  Plaintiffs oppose.  "Opp.," ECF No. 18.  The Court denies the Motion.

When evaluating a motion to transfer venue, the Court engages in a two-part inquiry. First, the Court considers "whether the action might have been brought in the transferee court." Hamlett v. Widtzler, No. 11 Civ. 3106 (CBA) (MDG), 2013 WL 1338859, at *2 (E.D.N.Y. Mar. 8, 2013) (internal quotation omitted), R&R adopted, 2013 WL 1338852 (E.D.N.Y. Mar. 29, 2013).  Here, the parties do not dispute that this action could have been brought in the SDNY. See generally Mot.; Opp.

Second, the Court considers "whether transfer is appropriate considering the convenience of the parties and the witnesses, and in the interest of justice."  Hamlett v. Widtzler, No. 11 Civ.

1

3106 (CBA) (MDG), 2013 WL 1338859, at *2.  Under this prong, the Court considers factors including, "inter alia: (1) the plaintiff[s'] choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation omitted); see United States v. Rare Breed Triggers, LLC, 669 F. Supp. 3d 169, 179 (E.D.N.Y. 2023) (adding three additional factors: "the comparative familiarity of each district with the governing law," "judicial economy" and the "interests of justice").  Motions to transfer are "within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (2d Cir. 1992).  Defendants bear the "burden of making out a strong case for transfer." New York Marine, 599 F.3d at 114 (quoting Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)).

Defendants move to transfer venue because "venue is most appropriately situated in the Southern District of New York," and they argue that "Rikers Island should be subject to the exclusive jurisdiction by the [SDNY]." Mot. at 2 (emphasis added).  Defendants contend that "district court precedent supports a finding that actions for acts or omissions taking place at Rikers Island should be brought in the [SDNY.]" Id.

In arguing that the Motion should be granted because venue is somehow more proper in the SDNY, Defendants collapse the standard for what constitutes a proper venue, pursuant to 28

2

U.S.C. § 1391,[1] with the legal standard for a motion to transfer venue, pursuant to 28 U.S.C. § 1404.  Despite case law to the contrary,[2] Defendants rely on "the plain wording of 28 U.S.C. § 112" to argue that cases arising from incidents at Rikers Island, as here, "belong in the Southern District," implying that venue is somehow improper in this District.  See Mot. at 2-3.  Even if, assuming arguendo, venue were "more proper" in the SDNY, the Court's analysis on a motion to transfer venue does not end there.  Instead, the Court considers the above-noted applicable factors to determine whether transfer is appropriate "considering the convenience of the parties and the witnesses, and in the interest of justice."  See Hamlett, 2013 WL 1338859, at *2.  Other than a lone citation to another case in this District, which granted an unopposed motion to transfer to the SDNY a case arising out of events at Rikers Island, Louis v. City of New York, No. 24 Civ. 7171 (ERK) (RML), 2024 WL 5298602, at *1 (E.D.N.Y. Dec. 5, 2024), Defendants do not address the relevant factors except to contend in a conclusory manner that all factors except Plaintiffs' choice of forum "either favor transfer" or "do not affect the analysis."  See Mot. at 3.

The Court finds, however, that the balance of equitable factors favors denying the Motion.  First, "[g]iven the proximity of Rikers Island to both the Southern District and the Eastern District Courthouses, there is no difference in the convenience to witnesses or access to proof."  Hamlett, 2013 WL 1338859, at *3.  Corporation Counsel can almost as easily reach the Eastern District Courthouse by subway as the Southern District Courthouse by foot, and their clients can as easily reach downtown Brooklyn as downtown Manhattan.  Rikers Island is

---

[1] Defendants do not appear to contend that venue is improper in this District under any of the formulations for proper venue set forth in 28 U.S.C. § 1391.

[2] See, e.g., Jones v. Dunbar, No. 21 Civ. 6036 (PKC), 2021 WL 5873067, at *1 (E.D.N.Y. Nov. 4, 2021) (collecting cases and stating, "Rikers Island is concurrently a part of both the Southern and Eastern Districts of New York").

primarily accessed from Queens, making it more accessible from this District than from the SDNY.  See Dunbar, 2021 WL 5873067, at *1 n.1 ("[T]he only bridge to the island connects with Queens . . . .").  The Court notes that Rikers Island's facilities are slated to close in 2027, such that the relevance of the location itself to the prosecution of this action is uncertain.  See N.Y.C. Local L. No. 16 Int. No. 1592-A (2021) (setting the deadline of August 31, 2027 to close Rikers Island's facilities).

Second, this District has substantial experience with this area of civil rights law generally, particularly cases alleging violations of civil rights arising from unconstitutional conditions of confinement.  Defendants do not contend that maintenance of this case in this Distrct would somehow hinder the just resolution of Plaintiffs' claims or Defendants' defense of the action.  Third, the locus of operative facts is a neutral factor.  Fourth, process is equally available to possible witnesses where issued from the SDNY as this District.  See generally Fed. R. Civ. P. 45.  Fifth, the parties' means may be meaningfully affected by the location.  In fact, should Plaintiffs be successful and be entitled to attorneys' fees, they would be subject to this Circuit's "forum rule," see Alson v. City of New York, No. 22 Civ. 3665 (ENV)(RML), 2024 WL 5715313, at *2 (E.D.N.Y. Oct. 23, 2024), which could cost Defendants less in attorneys' fees.  Sixth, judicial economy is not affected by the District choice.

The remaining factor, Plaintiffs' choice of forum, "is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in the favor of the [D]efendant[s]."  Reckitt Benckiser Inc. v. Watson Labs., Inc., No. 09 Civ. 3933 (BSJ) (JCF), 2009 WL 4756515, at *5 (S.D.N.Y. Dec. 8, 2009); see Gross v. Brit. Broad. Corp., 386 F.3d 224, 230 (2d Cir. 2004) ("[A] plaintiff's choice of forum is presumptively entitled to substantial deference.").  Plaintiffs contend that one plaintiff and one defendant "reside in this District," and

4

that they "possess a 'venue privilege,' allowing them 'to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations).'"  Opp. at 3 (quoting Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 63 (2013)).  Indeed, given Plaintiffs' choice of forum "and the absence of any countervailing factor, whether in terms of efficiency or convenience to the parties or witnesses that would result from transfer, there is no reason to deprive plaintiff[s] of [their] preferred forum."  Hamlett, 2013 WL 1338859, at *3.

For the above reasons, the Court finds that Defendants have not met their burden of "making out a strong case" for transfer.  Accordingly, the Motion is denied.

As set forth in the Court's March 11, 2026 Order, the parties are reminded that the deadline to file a joint proposed discovery schedule is April 24, 2026 and that they are encouraged to pursue mediation through the Court-annexed mediation program, a request for a referral to which may be made by filing a joint letter on ECF.

Dated: Brooklyn, New York
       March 26, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

5